418 So.2d 591 (1982)
STATE of Louisiana
v.
Anthony FULLER.
No. 81-KA-2683.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Charles W. Kelly, IV, Robert W. Gillespie, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Howard M. Fish, Jeanette G. Garrett, Indigent Defender Board, Shreveport, for defendant-appellant.
ISRAEL M. AUGUSTINE, Jr., Justice. Ad Hoc.[*]
Defendant Anthony Fuller was charged by bill of information with the crime of *592 simple burglary, a violation of La.R.S. 14:62. On December 8 and 9, 1980, he was tried before a six-person jury which found him guilty of attempted simple burglary. Thereafter, the court sentenced him to serve six years at hard labor. Defendant now appeals.
The facts of this case are as follow:
C.A.S. Distributing Company occupies a building located at 2214 Kings Highway in Shreveport, Louisiana. It is entirely surrounded with Cyclone fencing approximately six feet high and is protected by a silent burglary alarm.
On the night of April 29, 1980 at about 7:50 p. m., the alarm was triggered, sending a message to Shreveport police that an intruder was inside the C.A.S. building.
Sergeant Thomas Gross arrived at the scene within two or three minutes, followed by Officer Joseph Fecouda. Upon getting out of their police units to investigate, both policemen observed a young male wearing a bluish-green T-shirt run from behind the building and jump the Cyclone fence. Although they lost sight of him after he scaled the fence, they did advise other units in the area of the subject's description and his direction of flight towards Interstate 20, northwest of the building.
By coincidence, Officer David Casteel was on his way to the scene in response to the alarm when his police car stopped running on the I-20 exit ramp at Greenwood Road. Casteel's vehicle coasted down the ramp and came to rest. From that vantage point, Casteel was able to see a person climbing the fence near the rear of the C.A.S. building. Casteel watched as the person ran directly towards him across an open field, climbing two or three more fences along the way. As the subject came to the last fence separating him from Casteel, the officer drew his weapon and ordered him to come across. He did so and was then placed under arrest. He was wearing a bluish T-shirt.
Investigators at the scene observed bent mesh wiring over a broken window and determined this to be the point of entry. Fresh blood was found on the inside of the window, but no evidence was produced at trial to prove that the defendant himself had been cut.
An office inside the building had been ransacked and boxes were stacked up in the middle of the floor. A radio was found outside the building, but was not introduced into evidence. No usable fingerprints were recovered during the investigation.
The foregoing facts were established at trial by the State's witnesses, and are now uncontested by the defendant, Anthony Fuller.
Appellant contends, however, that accepting these facts as true, there is insufficient evidence to sustain a conviction.
The standard by which an appellate court measures the weight of the State's case was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1969). The question we must answer is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.
There is no question that the State proved the commission of a burglarythe only dispute is whether, beyond a reasonable doubt, Anthony Fuller participated in it.
Upon review of the evidence in the light most favorable to the prosecution, we regard the following as significant:
1. THE DEFENDANT WAS UNDOUBTEDLY AT THE SCENE OF THE BURGLARY.
Sergeant Gross and Officer Fecouda both testified that the subject seen by them to flee from behind the building was a young black male wearing a bluish T-shirt. The person arrested only moments later by Officer Casteel fit that description. Moreover, the subject's direction of flight, as communicated to other units by Gross and Fecouda, was northwest toward Interstate 20, and if projected from the point at which the two officers lost sight of the subject, it would have taken him directly towards Casteel. *593 Finally, Casteel himself testified that he had received the radio transmission from Sergeant Gross and was looking in the direction of the C.A.S. building and actually saw the defendant hop the first fence near the C.A.S compound, about two hundred yards away.
2. THE OFFICERS ARRIVED NEAR THE SCENE WHILE THE BURGLARY WAS IN PROGRESS.
Sergeant Gross testified that he was on C.A.S. property within two or three minutes of receiving the burglary report from police dispatchers. Upon arrival, it was clear that the building had been burglarized immediately beforethere was still fresh blood on the broken window, the point of entry.
3. THE DEFENDANT FLED THE SCENE OF A CRIME.
Flight and attempt to avoid apprehension indicates consciousness of guilt, and therefore, is one of the circumstances from which a juror may infer guilt. State v. Davies, 350 So.2d 586 (La.1977).
4. THERE IS NO REASONABLE INNOCENT EXPLANATION FOR THE DEFENDANT'S PRESENCE NEAR THE C.A.S. BUILDING.
The defendant was no innocent vagrant who simply happened upon the C.A.S. property. That property was characterized as a "compound", surrounded on all sides by a high Cyclone fence. It necessarily follows that the defendant was there by design, with certain knowledge that he should not be there, and at the cost of considerable physical effort.
As to the possibility that the defendant was on the premises as a result of another's force or coercion, we cannot gratuitously acknowledge such an unwarranted and unreasonable hypothesis of innocence there is simply no evidence to lead us to that conclusion.
We are left with the apparent problem of the fresh blood on the broken window pane. Defendant places great emphasis on the fact that there was no evidence that he had been cut, and concludes from this that there must be a reasonable doubt as to the defendant's guilt.
However, if there is such a doubt, it must be because 1) the defendant was not on the scene at all, or 2) because although the defendant was on the scene, he was innocent of participating in the burglary.
But both of these hypotheses have been refuted: There is no question that the subject arrested by Officer Casteel was the same person seen running from behind the building, and it has been proven beyond a reasonable doubt that there is no sensible explanation for the defendant's presence on the property other than as a burglar.
In light of the foregoing, the reasonable explanation for the presence of fresh blood on the window pane is, of course, that there was another person on the scene at the same time as the defendant, and that together, they burglarized C.A.S. Distributing Company.
We therefore find that after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of the crime of burglary were proven beyond a reasonable doubt. It follows that the jury's responsive verdict of guilt as to attempted simple burglary is no less valid.
We also find that the defendant's six year sentence is appropriate. Considering the defendant's prior criminal history, which includes five previous convictions between 1975 and 1980, when the current offense was committed, and also considering that three of those convictions were obtained while the defendant was still on federal probation, we conclude that the sentence was neither unreasonable nor excessive. State v. Bonanno, 384 So.2d 355 (La. 1980).
For the reasons assigned, the verdict and sentence are affirmed.
AFFIRMED.
DIXON, C. J., concurs.

*594 On Application for Rehearing
PER CURIAM.
In his application for rehearing, defendant complains that the Court's opinion does not treat his Assignment of Error No. 1. We have in fact considered the issue raised in that assignment and find it to be without merit. The prosecutor's closing remark here can hardly be construed to be focusing the jury's attention on the defendant's failure to testify.
NOTES
[*] Judge Gaudin of the 5th Circuit Court of Appeal, and Judges Ciaccio and Augustine of the Court of Appeal, Fourth Circuit, participated in this opinion as associate justices ad hoc, joined by Chief Justice Dixon, and Associate Justices Marcus, Blanche and Watson.