L. JULIAN SAMUEL, Judge Pro Tem.
This is a state application to review the trial court’s denial of a state motion to correct an alleged illegal sentence. The defendant has responded.
On March 27, 1984, following the defendant’s conviction of armed robbery (R.S. 14:64), he was sentenced to serve twelve (12) years in the custody of the Louisiana Department of Corrections, with credit for time served, without benefit of parole, probation or suspension of sentence for the first five (5) years.
The state contends the sentence is illegal because it violates the sentencing portion of the statute, R.S. 14:64 B, which reads:
“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.”
We agree with the state. In our view, the above quoted phrase “without benefit of parole, probation or suspension of sentence” applies to the sentence in its entirety and not to a part of the sentence. If the contrary was true, the legislature would have worded the statute differently.[1]
We note that we are not in conflict with the Supreme Court’s decisions in State v. Napoli, 437 So.2d 868 (La.1983), and State v. Jackson, 452 So.2d 682 (La.1984). Those cases hold only that, because of its “chilling effect” on the exercise of the right to appeal, on an appeal by the defendant the appellate court may not take notice of the illegality of a sentence as an error patent on the face of the record when the resulting judgment will be less favorable to the appellant than the judgment from which the appeal was taken. Here we do not consider illegality of the sentence on a defendant appeal; we consider that issue on a state application to review the trial court’s refusal to correct the illegal sentence.
We also note that Act 587 of 1984, which amends C.Cr.P. art. 882 in an apparent attempt to legislatively overrule Jackson and Napoli, did not become effective until September 3, 1984.
For the reasons assigned, the writs applied for are made peremptory, the sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with law and with the views expressed in this opinion.
SENTENCE VACATED: REMANDED FOR RESENTENCING.

. For example, see R.S. 14:42 and 14:42.1, 14:50.1, 14:51, and 14:62.2.