463 So.2d 733 (1985)
STATE of Louisiana
v.
Jarvis DAVIS.
No. KA-1876.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*734 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for appellee.
Robert Morlas Schoenfeld, New Orleans, for appellant.
Before GARRISON, BARRY and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Jarvis Davis, was charged by bill of information with the January 24, 1983 simple burglary of an inhabited dwelling located at 1524 Magazine Street in the city of New Orleans, a violation of LSA R.S. 14:62.2.[1]
Jointly charged with defendant on the same bill of information were Octave Williams, Byron Davis, and Tyrone Hall.
The defendant was arraigned on February 18, 1983 and pled not guilty. He was tried, along with the co-defendants on June 7, 1983, by a twelve person jury. All were found guilty as charged with the exception of Byron Davis who was acquitted.
On September 2, 1983, defendant was sentenced to serve six years in prison with credit for time served. On September 25, 1983, pursuant to pleading guilty as a multiple offender, defendant was again sentenced to serve six years in the custody of the Department of Corrections.
Defendant appeals this conviction asserting the following specification of error:
The defendants Byron Davis and Jarvis Davis should have had different attorneys representing them because the court allowed statements given by them to the arresting officers into evidence which statements were contrary and which resulted in an actual conflict of interest in the presentation of the defense.

FACTS:
On January 24, 1983, Gloria Burgess, while working the night shift at St. Vincent's Maternity Home, observed, thru a third floor window, several men engaged in suspicious activity in front of the apartment house at 1524 Magazine Street, located directly across the street.
It appeared that some of the men were standing watch while others entered the building. The witness observed clothing, still on hangers, being removed from the building. She summoned the police. When the police arrived, they immediately picked up Byron Davis who was standing on the corner. They then proceeded to 1524 Magazine Street where they observed a male subject peering out through the hallway of the building. When they saw the police they separated, walked away and then ran in different directions. The two police officers gave chase. Three of the subjects, including the defendant, were apprehended.
The police returned to 1524 Magazine Street. They observed the front door had been kicked in and various property lay at the foot of the stairway. Vincent Tortorich, the apartment tenant, arrived a short time later. He reported his apartment had been ransacked and that most of his clothes, some jewelry, a pair of shoes and a television were missing.

ASSIGNMENT OF ERROR:
Defendant asserts that his Sixth Amendment Constitutional right to counsel was violated because he and his brother, Byron Davis, were represented by the same defense *735 counsel. Defendant claims this multiple representation rendered his assistance of counsel ineffective.
The contention flows from the fact that the defendant and his brother gave contradictory statements to the arresting officers. Byron Davis stated he did not know the other men picked up in connection with the burglary and that he was not guilty of any wrongdoing. The defendant, Jarvis Davis, stated that Byron was his brother.
Defendant contends that his contradiction divided his defense attorney's loyalties because neither brother could be put on the witness stand without the possibility of inculpating the other.
Pretermitting the merits of this argument, claims of ineffective assistance of counsel are properly raised by application for Writ of Habeas Corpus and not on appeal. The necessity of a writ application is to allow for a full evidentiary hearing. La. C.Cr.P. Art. 924 et. seq.; State ex rel. Bailey v. City of Monroe, 418 So.2d 570 (La.1982); State v. Prestridge, 399 So.2d 564 (La.1981); State v. Junak, 436 So.2d 1312 (La.App. 4th Cir.1983); writ denied 442 So.2d 454. This assignment of error is without merit.

SUFFICIENCY OF EVIDENCE
This Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether there is sufficient evidence in the record for the jury to have found the defendant guilty beyond a reasonable doubt of every essential element of the offense of simple burglary of an inhabited dwelling. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 420 So.2d 1126 (La.1982).
In a burglary prosecution, it is not necessary to prove that one charged as a principal made an unauthorized entry. It is sufficient to show that he aided and abetted one who entered without permission. La.R.S. 14:24; State v. Otis, 339 So.2d 343 (La.1976); State v. Rogers, 428 So.2d 932, 934 (La.App. 1st Cir.1983).
Flight and the attempt to avoid apprehension indicates consciousness of guilt, and therefore is one of the circumstances from which a jury may infer guilt. State v. Fuller, 418 So.2d 591, 593 (La.1982). State ex rel Womack v. Blackburn, 393 So.2d 1216 (La.1981).
The prosecution's chief witness was unable to identify any of the men, and therefore unable to say which entered the building and which remained outside. However, the defendant was one of the men seen leaving the building shortly after police arrived and was caught while attempting to flee from the scene. The mere fact that the prosecution witness was unable to identify the defendant or his co-defendants or to state which role each man played in the perpetration of the offense is not fatal to the state's case. State v. Rogers, supra; State v. Fuller, supra. Defendant's own actions at the scene of the offense was sufficient for the jury to have found him guilty of simple burglary.
We also note that the defendant was sentenced to serve six years in the Department of Corrections, with credit for time served. The penalty provision of La. R.S. 14:62.2 states that those convicted of simple burglary of an inhabited dwelling shall serve not less than one year at hard labor without benefit of parole, probation or suspension of sentence. (emphasis added) Thus defendant's sentence is unlawfully lenient. See, State v. Telsee, 425 So.2d 1251 (La.1983).
In State v. Jackson, 452 So.2d 682 (La.1984) our Supreme Court held that an appellate court should not correct an unlawfully lenient sentence where the defendant alone seeks review. To do so would create a "chilling" effect on a defendant's right to appeal. We are also mindful of Article 882, as amended by Act 587 of 1984, which provides:
"An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:

*736 (1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus."
Despite the recent amendment to the above referenced Act we do not interpret same as overruling Jackson supra. We choose to apply the rationale of our bretheren of the Fifth Circuit in State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984) and agree that only in those circumstances wherein the State seeks review should we correct a sentence that is unlawfully favorable to the defendant.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissenting with reasons.
BARRY, Judge, dissents in part:
I feel C.Cr.C. Art. 882, as amended by Act 587 of 1984, clearly permits correction of this illegal sentence and was intended to overrule Jackson. See State v. Holmes, 462 So.2d 286 (La.App. 1st Cir.1984).
NOTES
[1] R.S. 14:62.2 provides:

"Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60."