462 So.2d 286 (1984)
STATE of Louisiana
v.
Paul HOLMES.
No. 84 KA 0360.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Writ Granted April 12, 1985.
Zach Butterworth, Asst. Dist. Atty., St. Francisville, for plaintiff.
Jesse L. Means, Jr., Robert O. Butler, Jr., St. Francisville, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tem.:
The defendant, Paul Holmes, was charged by bill of information with aggravated battery, a violation of LSA-R.S. *287 14:34. He filed a motion to quash the information on the grounds of double jeopardy, arguing that his previous guilty plea to a charge of simple arson was based on the same offense and precluded prosecution on the aggravated battery charge. The motion was denied, and after a jury trial defendant was found guilty as charged. The trial court determined defendant to be a third felony offender within the meaning of LSA-R.S. 15:529.1(A)(2)(b) and accordingly, sentenced him to life imprisonment at hard labor in the custody of the Department of Corrections. Defendant appeals his conviction, assigning as error the: (1) denial of his motion to quash and (2) insufficiency of the evidence to sustain the conviction.
We affirm the conviction but vacate the sentence imposed and reimpose sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in denying his motion to quash the bill of information. He argues that his previous guilty plea to simple arson and the prosecution for aggravated battery place him twice in jeopardy for the same offense.
The record reveals that on December 19, 1982 the defendant was an inmate at Louisiana State Penitentiary at Angola. Early that morning defendant threw a flammable liquid on another inmate, who was lying in bed, and ignited the liquid. The other inmate was severely burned and the bed was damaged. Defendant subsequently pled guilty to a charge of simple arson, a violation of LSA-R.S. 14:52, based upon this incident.
Both the Louisiana and United States Constitutions provide that no person shall be twice placed in jeopardy for the same offense. La. Const. (1974) Art. 1, § 15; U.S.Const.Amend. 5. Article 596 of the Louisiana Code of Criminal Procedure states that double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Whether two offenses are the same for purposes of double jeopardy has been determined by Louisiana courts using various tests. One is the test established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), variously called the "Blockburger" or "distinct fact" test:
"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."
See, e.g., State v. Fontenot, 408 So.2d 919 (La.1981); State v. Doughty, 379 So.2d 1088 (La.1980).
Another test employed by Louisiana courts is the "same evidence" test, which holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses, unless the gravamen of the second offense is essentially included within the offense for which first tried. State v. Knowles, 392 So.2d 651 (La.1980); State v. Solomon, 379 So.2d 1078 (La. 1980); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972). Both tests depend upon the proof required to convict, not the evidence actually introduced at trial. State v. Knowles, supra; State v. Doughty, supra.
Simple arson is statutorily defined as: "... the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner...". LSA-R.S. 14:52. Aggravated battery is defined as a battery (the "intentional use of force or violence upon *288 the person of another or the intentional administration of a poison or other noxious liquid or substance to another"; LSA-R.S. 14:33) committed with a dangerous weapon. LSA-R.S. 14:34.
It is clear that the same evidence is not required for a conviction on both charges, and that each crime requires proof of an element that the other does not. Furthermore, the gravamen of the crime of aggravated battery is clearly not essentially included within the offense of simple arson. The fact that the two offenses arise from essentially the same conduct of the defendant does not preclude separate punishment for each offense. Applying either test discussed above, we are satisfied that the prosecution for aggravated battery is not subject to a plea of double jeopardy. Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the verdict of guilty is based on insufficient evidence to convict.
The proper procedure for raising the issue of insufficiency of evidence is by a motion for new trial or motion for acquittal, which the defendant has failed to do. However, we will consider the sufficiency of the evidence to determine whether it meets constitutional standards when the matter is raised by formal assignment of error as in the instant case. State v. Washington, 421 So.2d 887 (La.1982); State v. Gaston, 412 So.2d 574 (La.1982).
The scope of appellate review for the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
In this case, defendant was convicted of aggravated battery, defined for our purposes as the intentional use of force or violence upon the person of another, committed with a dangerous weapon. LSA-R.S. 14:34. Defendant does not deny that a flammable liquid can be considered a "dangerous weapon", LSA-R.S. 14:2(3), nor does he contest the conclusion that the throwing of a flammable liquid, which is then ignited and burns an individual, constitutes the use of force or violence upon the person of another.
At trial[1] defendant admitted that he poured a flammable liquid over the head of the bed where the victim lay sleeping or pretending to sleep. He claims, however, that he intended only to burn the bed to scare the victim, and did not intend to harm the man lying in the bed. He asserted that he hoped to scare the victim and the victim's cousin into backing off from him, alleging that they believed he knew who had taken some items from their hobby shop box, and had threatened him. He also claimed that the victim had not been sleeping, but had displayed a screwdriver to him in a threatening manner a short while before he decided to set fire to the bed.
Aggravated battery is a general intent crime. State v. Fuller, supra; State v. Brumfield, 329 So.2d 181 (La.1976). General criminal intent is present "whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." LSA-R.S. 14:10(2). We find that there was sufficient evidence from which a rational trier of fact could conclude that the defendant possessed the general intent *289 to commit the crime of aggravated battery. This assignment of error is thus without merit.
However, we note a sentencing error patent on the face of the record: the trial judge failed to follow the mandate of LSA-R.S. 15:529.1(A)(2)(b) and qualify the defendant's life sentence as being "without benefit of parole, probation, or suspension of sentence".
LSA-C.Cr.P. art. 882, as amended by Act No. 587 of 1984[2] allows us to correct an illegal sentence at any time on review.
For the foregoing reasons, defendant's conviction is affirmed; his sentence is vacated and reimposed as follows: "The defendant shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence."
CONVICTION AFFIRMED; SENTENCE VACATED AND REIMPOSED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] The trial transcript indicates that the state submitted as an exhibit a written inculpatory statement made by defendant the day after the incident to Angola officials. However, the statement is not in the record either in its original form or as a certified copy; a xerox copy of what seems to be defendant's statement is in the record attached to the state's answer to defendant's motion for a bill of particulars. Although defendant's written statement was more detailed, his testimony at trial substantially conveyed the essence of his defense.
[2] Act 587 of 1984 provides:

To amend and reenact Code of Criminal Procedure Art. 882; to provide that courts of appeal may correct illegal sentences; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. Code of Criminal Procedure Art. 882 is hereby amended and reenacted to read as follows:
Art. 882. Correction of illegal sentence; review of illegal sentence.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.