471 So.2d 883 (1985)
STATE of Louisiana, Appellee,
v.
Arsby SAMUELS, Appellant.
No. 17031-KA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James L. Davis, Dist. Atty., Many, for appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
The defendant, Arsby Samuels, Jr., age 37, was charged by bill of information with aggravated battery. After the entry of a guilty plea and the preparation and receipt of a pre-sentence investigation concerning the defendant, the trial court sentenced the defendant to five years at hard labor. This term was suspended and the defendant was required to serve six months in jail as a special condition of probation. The defendant's probationary period was set at five years. The defendant appeals contending the sentence is excessive. We affirm.
The defendant was arrested and charged as a result of his shooting of Willie Lee Booker with a .20 gauge shotgun. From the record it appears that this shooting incident was the termination of an evening of difficulty between the defendant and the victim, Willie Lee Booker, who was in the company of the defendant's ex-wife on this evening. While not fully substantiated by the record, it also appears that the victim *884 may have been armed at the time he was shot and may have fired at the defendant during that incident. Regardless of the degree of provocation which may have occurred prior to the shooting incident, the defendant did enter a plea of guilty to aggravated battery.
In sentencing the defendant, the trial court generally covered most of the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. The trial court apparently gave substantial mitigating weight to the issue of provocation by the victim. The trial court also gave substantial weight to the defendant's history of law-abiding conduct and long-term employment prior to the incident. While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (La. 1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983). Thus we determine that contrary to the complaint of the defendant, the trial court adequately followed LSA-C.Cr.P. Art. 894.1 and, additionally, we do not find the trial court has imposed a constitutionally excessive sentence upon this defendant. The six month term of imprisonment as a condition of probation is not excessive considering the extremely serious nature of the offense committed by the defendant. Likewise, the suspended five year period of incarceration with the five year probationary stipulation is not constitutionally excessive.
In fact, it appears that the sentence is illegally lenient considering LSA-R.S. 14:95.2[1] and LSA-C.Cr.P. 893.1.[2] Since a firearm is involved, this Court has held that a mandatory seven year period of incarceration without benefit of probation, parole or suspension of sentence is mandated. State v. Kennedy, 463 So.2d 808 (La.App. 2d Cir.1985); State v. Hogan, 454 So.2d 1235 (La.App. 2d Cir.1984); State v. Harris, 454 So.2d 1238 (La.App. 2d Cir.1984). Thus, the defendant should not be heard to complain on appeal of his illegally lenient sentence.
The important question is whether we should notice and correct this error on our own motion. State v. Jackson, 452 So.2d 682 (La.1984), held that a court of appeal may not correct an illegal sentence when the defendant alone seeks appellate review. The court went on to note that only the *885 prosecution could seek to correct the error and that the prosecution should first apply to the trial court. At that time, LSA-C. Cr.P. Art. 882 read:
An illegal sentence may be corrected at any time by the court that imposed the sentence.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) in an appealable case by appeal; or
(2) in an unappealable case by writs of certerori and prohibition.
Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
Act 587 of 1984, effective September 3, 1984, amended the first sentence of Article 882 such that the article now reads:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) in an appealable case by appeal; or
(2) in an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
Our research indicates that the Louisiana Supreme Court has not spoken to the effect of this amendment. We have also determined that the various courts of appeal have taken different approaches. The same panel of the First Circuit in State v. Furlow, 460 So.2d 76 (La.App. 1st Cir. 1984), and State v. Spell, 461 So.2d 654 (La.App. 1st Cir.1984), upon observing illegally lenient sentences in both cases, did not note the amendment to Article 882, and relied on State v. Jackson, supra, as authority for not correcting those sentences. These cases were handed down on November 20, 1984 and December 28, 1984, respectively. However, another panel of the First Circuit, also on December 28, 1984, in State v. Holmes, 462 So.2d 286 (La.App. 1st Cir.1984), relied on the amendment to Article 882 to add the statutorily mandated "without benefit" provisions to a defendant who had been sentenced as a multiple offender.
The Fifth Circuit, in State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984), handed down November 13, 1984, determined that even though Article 882 had been amended to grant courts of appeal the authority to correct an illegally lenient sentence, such authority was only available on the application of the state. Thus, since the illegally lenient sentence had only been brought to the court's attention in the state's oral argument, the Fifth Circuit reasoned that such was an insufficient application and left the sentence undisturbed.
The same panel of the Fourth Circuit, in two cases handed down simultaneously on January 11, 1985, reached opposite results. State v. Davis, 463 So.2d 733 (La.App. 4th Cir.1985), with Judge Lobrano as the organ of the court, followed the rationale of the Fifth Circuit in Robertson in determining that Jackson had not been overruled by Act 587 of 1984 and declined to correct an illegally lenient sentence which the court noticed on its own volition. However, in State v. Liddell, 463 So.2d 678 (La.App. 4th Cir.1985), Judge Barry, who dissented in Davis, determined that Art. 882, as amended, authorized the court's addition of the "without benefit" provisions to a 99 year hard labor sentence for armed robbery. Judge Lobrano, the author of Davis, dissented. Judge Garrison signed both opinions.
In State v. Poche, 464 So.2d 969 (La.App. 4th Cir.1985), decided February 12, 1985, an entirely separate panel of the Fourth Circuit did not discuss the amended Article 882 and relied on State v. Jackson to leave undisturbed an illegally lenient sentence.
Without considering any possible "due process" or "equal protection" ramifications *886 of the amendment to Article 882,[3] we have resolved that the determination by the Fifth Circuit in Robertson and followed by the Fourth Circuit in Davis, is correct. We are so persuaded by the plain wording of the Act which we interpret to require an application from the state for correction of an illegally lenient sentence. Having no such application from the state in this case, we observe that the defendant has received an illegally lenient sentence, but decline action thereon.
This holding leaves for another day the nature of the requisite application by the state for appellate action on an illegally lenient sentence. It is unnecessary for a resolution of this case for us to determine whether the state may appeal such a sentence or, if not, whether the state must first make writ application to the district court.
The defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] § 95.2 Additional penalties for possession of a firearm or explosive device in the commission of certain crimes

A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[2] Art. 893.1. Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[3] For example, if the defendant receives a sentence greater than the minimum for an offense requiring the defendant to be sentenced "without benefit," it seems difficult for the appellate court to determine whether the trial judge was aware of the "without benefit" provisions and would have sentenced the defendant to the same number of years had he been aware of the defendant's statutory ineligibility for parole or probation.