JASPER E. JONES, Judge.
The defendant, Elmer Sykes, was charged by bill of information with third offense driving while intoxicated in violation of LSA-R.S. 14:98 D. He pled guilty to the charged offense and was sentenced to one year at hard labor. Defendant appeals his sentence as excessive. We affirm.
*887 A cursory review of R.S. 14:98 D reveals the sentence imposed on defendant is illegally lenient instead of being excessive. The one year sentence is the minimum required by the statute; however, the statute also provides that at least six months of the sentence shall be without benefit of probation, parole or suspension of sentence. The trial judge failed to include the denial of parole eligibility in the sentence. The state did not question this aspect of the sentence before the trial court and did not appeal the issue to this court.
In the case of State v. Jackson, 452 So.2d 682 (La.1984) the supreme court held that appellate courts cannot correct illegally lenient sentences in the absence of an appeal by the state. We find the rule announced in Jackson to be sound notwithstanding a subsequent amendment to LSA-C.Cr.P. art 882 giving appellate courts the power to correct illegal sentences on review.[1] We follow the rules announced in Jackson and hold that where, as here, the state seeks no review of an illegally lenient sentence, we will not disturb the sentence imposed. For a discussion of the case law on the subject see our decision in State v. Samuels, 471 So.2d 883 (La.App. 2d Cir. 1985) in which we reach the same result.
Defendant’s sentence is AFFIRMED.

. Art. 882 was amended by Acts 1984, No. 587 effective September 3, 1984.