PER CURIAM.
The appellant, Joseph W. Hadwin, was charged by bill of indictment with two counts of armed robbery, LSA-R.S. 14:64. He pled guilty to one count in exchange for the dismissal of the other count. The court, after considering the presentence investigation report (PSI), sentenced Hadwin to 15 years at hard labor, five without benefit of parole, probation, or suspension of sentence. Hadwin now appeals, urging by one assignment that the court did not comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and imposed an excessive sentence. We affirm.
On February 7, 1989, Hadwin entered a Sears store in Bossier City, pointed his pistol at a cashier and demanded all of the money in the register. The cashier complied and Hadwin left with $2,800. On February 20, 1989, Hadwin entered the same Sears store, again pointed his pistol at a cashier and demanded all of the money in the register. This time, however, the cashier screamed; Hadwin ran and was apprehended by the police in the parking lot. The money was recovered.
*526 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-tiered. First the record must show the sentencing judge took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1 The judge need not list every aggravating or mitigating factor as long as the record reflects that he adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983). The important elements to consider are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
Before the imposition of the sentence, Hadwin told the sentencing judge that he was 24 years old, married, and that he completed high school and could read and write. The judge stated that he had read the PSI and a number of letters sent by defendant’s supporters and had considered the factors of C.Cr.P. art. 894.1. He noted that defendant had received a general discharge from the U.S. Marines due to drug abuse. He also noted that defendant had been charged with a number of minor offenses before the instant armed robberies; that defendant had another armed robbery charge pending against him; and that he had an “apparent propensity for violence.”
The sentencing judge also expressly considered several mitigating factors. Defendant had a very promising job and a family that cares for him. No one was hurt during either armed robbery offense. The sentencing judge adequately complied with art. 894.1.
The second tier is constitutional exces-siveness. A sentence violates LSA-Const. art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or is nothing more than needless and purposeless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if it shocks the sense of justice, when the crime and punishment are considered in light of the harm done to society. State v. Hogan, 480 So.2d 288 (La.1985). The sentencing judge has wide discretion in the imposition of a sentence within statutory limits and such a sentence should not be set aside absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra. In selecting a proper sentence, the judge is not limited to considering the defendant’s prior convictions but may consider all prior criminal activity. State v. Washington, 414 So.2d 313 (La.1982); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). The benefit accruing from a plea bargain is a valid factor in reviewing a sentence. State v. Smack, 425 So.2d 737 (La.1983).
Defendant argues that in light of numerous mitigating circumstances, the sentence is excessive. The mitigating factors were his lack of a prior felony record, his relative youth, the fact that he maintained steady employment for most of his adult life, and was married and his wife depended on him for support. Additionally, the defendant claims that he fully cooperated with the police after his arrest. Defendant also argues that the sentencing court erred in finding an “apparent propensity for violence.”
The record reflects that the sentencing judge took into account these mitigating factors. All of the foregoing information was either stated to the sentencing judge or noted by him at the sentencing hearing. Furthermore, armed robbery is recognized as one of the most serious and violent of criminal offenses. Defendant committed two armed robberies with a pistol in February 1989 and also has an unrelated armed robbery charge pending against him. The trial court did not err in finding that defendant had a propensity for violence.
As originally charged with two counts of armed robbery, defendant faced a minimum of 10 years and a maximum of 198 years in prison at hard labor, without benefit of parole, probation, or suspension of sentence. By pleading guilty to one count, defendant’s exposure was reduced to a minimum of five years and a maximum of *527 99 years without benefit. He received a substantial benefit through the plea bargain. The 15 year sentence, five years without benefit, is clearly not out of line with sentences for similiar offenses and offenders. See, e.g., State v. Green, 390 So.2d 1253 (La.1980); State v. Cody, 446 So.2d 1278 (La.App. 2d Cir.1984). Under the circumstances of this case, we cannot say that the trial court abused its discretion in imposing the sentence. It does not shock our sense of justice. This argument does not present reversible error.
A review of the applicable sentencing provision actually reveals that defendant’s sentence is, in fact, illegally lenient. LSA-R.S. 14:64 provides that the sentence for armed robbery shall be not less than five years and not more than 99 years, without benefit of parole, probation, or suspension of sentence. The phrase “without benefit of parole, probation, or suspension of sentence” applies to the sentence in its entirety and not to a part of the sentence. State v. Joseph, 458 So.2d 496 (La.App. 4th Cir.1984). As the trial judge did not order the entire sentence to be served without benefit, the sentence is illegally lenient. State v. Cotton, 471 So.2d 1017 (La.App. 1st Cir.1985); State v. Joseph, supra. LSA-C.Cr.P. art. 882 gives appellate courts the power to correct an illegal sentence on review, but not an illegally lenient sentence unless the state independently seeks review of it. State v. Fraser, 484 So.2d 122 (La.1986); State v. Arrington, 556 So.2d 263 (La.App. 2d Cir.1990); State v. Samuels, 471 So.2d 883 (La.App. 2d Cir.1985); State v. Sykes, 471 So.2d 886 (La.App. 2d Cir.1985).
In State v. Arrington, supra, the state requested correction of an illegally lenient sentence in its reply brief to the defendant’s appeal. We denied the request, holding that the state did not raise the issue in the trial court or “seek appellate review.” In the present case, the state did not make an application below or with this court to correct the sentence, but only complains of the illegality in its reply brief. It did not seek appellate review and, accordingly, we decline to correct the illegally lenient sentence. Cf. State v. Hardan, 501 So.2d 848 (La.App. 5th Cir.1987) and State v. Sepcich, 473 So.2d 380 (La.App. 5th Cir.1985), which we do not follow.
We have reviewed the record for other errors patent and find none. LSA-C.Cr.P. art. 920(2). The conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.