NORRIS, Judge.
The defendant, Douglas Randall Wal-drop, age 37, was charged by bill of information with operating a motor vehicle while intoxicated (DWI), fourth offense. La.R.S. 14:98 E. Pursuant to a plea agreement, the State allowed Waldrop to plead guilty to DWI, third offense, and dropped misdemeanor charges arising from the same incident for possession of marijuana and possession of drug paraphernalia. La. R.S. 14:98 D, E; 40:966 D; 40:1033. The total sentence imposed was five years at hard labor. Waldrop now appeals alleging disregard for the sentencing guidelines of La.C.Cr.P. art. 894.1 and excessive sentence. We affirm.
On September 23, 1989 Waldrop was driving his 1979 Ford truck just south of Bastrop northbound on U.S. Hwy. 165. Morehouse Parish Sheriffs deputies stopped him, asked him to get out of his truck, and requested that he walk to the rear of the vehicle. They noticed as he walked to the rear of the truck that he was holding onto the vehicle in an obvious attempt to keep from falling to the ground. He submitted to a breath test which registered .218 grams of alcohol. He was thereafter arrested for DWI, fourth offense and agreed to allow Deputy Adams to drive his truck to the Sheriff’s Office. Deputy Adams, once in the truck, saw what he believed to be a roach clip or drug paraphernalia, marijuana, one marijuana cigarette, and some rolling papers. Wal-drop was thereafter charged with possession of marijuana and possession of drug paraphernalia, both misdemeanor charges. R.S. 40:966; 40:1033.
The test for excessiveness is two-tiered. First, while a trial court need not articulate every aggravating and mitigating factor of La.C.Cr.P. art. 894.1, the record must show that the trial court took cognizance of these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the objective of art. 894.1, not rigid or mechanical compliance with its provisions. Even if the trial court does not fully comply with the article, remand is unnecessary as long as the record clearly shows an adequate factual basis for the sentencing choice. State v. Lanclos, 419 So.2d 475 (La.1982). The critical elements to consider are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied 521 So.2d 1143 (1988).
The sentencing colloquy was adequate. The trial court noted Waldrop’s service in the United States Air Force, his high school diploma, and the fact that he maintained steady employment as mitigating factors. Waldrop, in brief, alleges the court omitted all mitigating factors; this is obviously an incorrect observation. By contrast, the aggravating factors were substantial. The court observed that Waldrop had an extensive adult criminal record, mostly alcohol related. It took into consideration that he was a second felony offender and, at age 37, not a youthful offender.[1] The court took cognizance of his recurring problems with alcohol and drugs; Waldrop admitted to alcohol problems in a PSI compiled for an earlier DWI conviction. The court elaborated that despite extensive pri- or involvement with the judicial system, he had not taken it upon himself to stop drinking and driving. It noted that his prior probationary period for DWI, third offense, was to no avail, that the offense of DWI is “very serious,” and that Waldrop “continues to endanger the lives of law-abiding citizens while driving under the influence of alcoholic beverages.” R.p. 44. Under the record as presented, the court’s discussion of sentencing guidelines was adequate.
*757 The second tier is the determination of constitutional excessiveness. A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks our sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); Hudgins, supra. The trial court has wide discretion in imposing a sentence within statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. Lanclos, supra. The trial court may base sentence not only on prior convictions but also on any relevant criminal activity. State v. Washington, 414 So.2d 313 (La.1982); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.), writ denied 452 So.2d 695 (1984). Substantial benefits from a favorable plea bargain agreement are legitimate sentencing considerations. Lanclos, supra; State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
The PSI for the present DWI charge reflects that Waldrop has at least seven prior convictions for DWI, some designated as second or third offenses. His adult record, in addition to the DWI convictions, includes convictions for negligent operation of a motor vehicle, following too close, possession of marijuana, driving under suspension, failure to appear, hit and run, simple criminal damage to property, disturbing the peace, drunk and disorderly conduct, and probation violation. Wal-drop’s record, as noted by the trial court, is extensive to say the least. As noted earlier, prior probation had failed and Waldrop admitted having a recurring problem with alcohol.
A significant factor militating against Waldrop’s claim of excessive sentence is the benefit he received from the plea bargain agreement. He was originally charged with a felony count of DWI, fourth offense, and misdemeanor counts of possession of marijuana and possession of drug paraphernalia. R.S. 14:98 E; 40:966 D; 40:1033. By plea bargaining his DWI from fourth to third offense, Waldrop reduced his possible sentence exposure from 30 years at hard labor and no fine to five years at hard labor and a $2,000 fine. R.S. 14:98 D, E. In addition, his plea bargain eliminated any sentence exposure for possession of marijuana and possession of drug paraphernalia, one year without hard labor and $1,000 in fines. R.S. 40:966 D; 40:1035.
Maximum sentences under the statutes are reserved for the worst kind of offender. State v. Soco, 441 So.2d 719 (La.1983). Waldrop received the maximum prison time provided for DWI, third offense. R.S. 14:98 D. However, considering his extensive criminal record, which includes numerous DWI convictions, his lack of response to probationary efforts, and the benefit he received from the plea bargain, we cannot say the maximum sentence is disproportionate to his offense. State v. Baker, 499 So.2d 338 (La.App. 4th Cir.1986). The sentence does not shock our sense of justice. Hogan, supra.
R.S. 14:98 D mandates that upon a third conviction for DWI, at least six months of the sentence shall be without benefit of probation, parole or suspension of sentence. In reviewing the record, we notice that Waldrop was sentenced to five years at hard labor without a provision requiring at least six months of the sentence to be without benefit of probation, parole or suspension. However, the State does not complain of the illegally lenient sentence in this appeal. An appellate court may not correct an illegally lenient sentence absent State complaint. State v. Fraser, 484 So.2d 122 (La.1986); State v. Samuels, 471 So.2d 883 (La.App. 2d Cir.1985). We therefore observe that Wal-drop’s sentence is illegally lenient, but decline to correct it. Samuels, supra.
After further review of the record we have found nothing else we consider to be error patent. LSA-C.Cr.P. art. 920(2). The conviction and sentence are affirmed.
*758 CONVICTION AND SENTENCE AFFIRMED.

. The PSI for the instant offense indicates, including this offense, that the defendant was a third felony offender.