339 So.2d 343 (1976)
STATE of Louisiana
v.
Walter OTIS.
No. 58161.
Supreme Court of Louisiana.
November 8, 1976.
*344 Ray A. Barlow, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Eugene W. Bryson, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On February 10, 1976 at approximately 8:00 a. m. the defendant, Walter Otis, and another person known as James "St. Pete" Williams parked their car near the Shamrock Grocery in the Cooper Road area of Shreveport. The two men left the car, began walking down Russell Road and passed Mr. John Gardner who was sitting on his front porch. Gardner testified that Williams was putting on a pair of black gloves as he passed. Otis and Williams proceeded to a house several lots away from Mr. Gardner's on the other side of the street, went into the yard and up to the front door of the residence of Ms. Emmaline Mosby. Ms. Mosby testified that she had taught Otis a number of years before. They knocked on the door, waited several minutes and then Williams went around the side of the house and jumped over a fence to the rear of the house. Defendant Otis remained at the front door for between twenty and forty minutes. Mr. Gardner, who observed Otis and Williams continually, became suspicious, went into his house and returned with his shotgun. At this point a woman walked by Ms. Mosby's house and the defendant left the front door and walked two lots down where he saw Bobby Bell, an acquaintance. Immediately thereafter, Mr. Gardner, armed with his shotgun, saw Williams placing two stereo speakers over the fence behind Ms. Mosby's yard. Williams then went to the back of the house and returned with a white television set in his hand. Gardner pointed his gun at Williams and told him to put the television down, at which point Williams fled, with Gardner firing a shot over his head. Otis, still two houses down at Bobby Bell's grandmother's house, began to run when he heard the shot but was held at gunpoint by Mr. Gardner until the police arrived. The police discovered a window broken at the back of the house, various items piled up in the house and the residence in disorder. The State charged the defendant, Walter Otis, as a principal in the burglary, contending that Williams was burglarizing the house while Otis acted as a lookout in the front of the house. Otis, tried before a judge alone, was found guilty as charged and sentenced to five years at hard labor.

Assignment of Error No. 1
In his first assignment of error the defendant contends that the trial judge erred in failing to enter a judgment of acquittal after the close of the State's evidence and after the close of all the evidence because all of the State's evidence was circumstantial, and the evidence presented failed to exclude every reasonable hypothesis of innocence. The rule in circumstantial evidence cases is in R.S. 15:438:

*345 "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Defendant contends that the evidence adduced failed to exclude one reasonable hypothesis of innocence, offered by the defendant in his testimony, to wit: that the defendant's car had run out of gas, he had stopped at the victim's house to try to use the phone to get assistance, that he did not commit the burglary and that he was not at Ms. Mosby's house at the time of the burglary. The defendant further alleges that the trial judge applied the wrong standard of proof to the case and he cites the trial judge's comments as evidence of this fact. In rendering his verdict the trial judge said:
"There is not the slightest doubt in my mind whatever that the State has more than carried its burden beyond a reasonable doubt; that this defendant was a principal engaged in the act with James St. Pete Williams in attempting to burglarize Mrs. Mosby's house. The State has proven that."
The mere use of the words "has more than carried its burden beyond a reasonable doubt" does not, of itself, indicate the precise standard used. See State in Interest of Simmons, 299 So.2d 906 (La.App. 3d Cir. 1974). The trial judge clearly indicated that the State did satisfy a higher standard than "beyond a reasonable doubt."
A review of the facts reveals the following: the store at which the defendant stopped his car was open and had a telephone which he could have used; Williams and Otis walked approximately two-tenths of a mile past numerous houses before they stopped at Ms. Mosby's house allegedly to use the phone. The defendant stayed at Ms. Mosby's front door for at least twenty minutes, which is far more than would have been necessary to determine if she was home, and stayed at the front door while Williams went to the back of the house. Items were removed from Ms. Mosby's house. Otis did not leave the front door until a passerby walked by the house. When Mr. Gardner fired at the fleeing Williams, the defendant also tried to escape and had to be held at gunpoint by Mr. Gardner until the police arrived. Therefore, the common sense inference of the trial judge that the defendant was a "principal" in the burglary was reasonably based on the defendant's actions both prior to and subsequent to the burglary. The evidence presented did tend to exclude all innocent explanations of the defendant's actions. Assuming every fact to be proved that the evidence tended to prove, the evidence excluded every reasonable hypothesis of innocence. Therefore, the standard of R.S. 15:438 has been met. State v. Williams, 310 So.2d 513 (La.1975).

Assignment of Error No. 2
In this second assignment the defendant alleges error in the trial court's failure to enter a judgment of acquittal after the close of the State's evidence and after the close of all of the evidence because the State's evidence was insufficient to sustain a conviction. At the close of the State's case the defendant moved for a judgment of acquittal pursuant to C.Cr.P. 778. The motion was denied by the trial judge and the defense proceeded.
Article 5, § 5(C) of the Louisiana Constitution of 1974 provides:
"Except as otherwise provided by this constitution, the jurisdiction of the supreme court in civil matters extends to both law and fact. In criminal matters, its appellate jurisdiction extends only to questions of law."
Therefore, insufficiency of evidence may not be reviewed by this court. State v. O'Neal, 328 So.2d 100 (La.1976); State v. Williams, 327 So.2d 399 (La.1976). However, a trial judge should grant a motion for acquittal after the State's case when there is no evidence at all of the crime charged or of an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973). Whether there is no evidence at all does present a question of law reviewable by this court. State v. Williams, 310 So.2d 513 *346 (La.1975); State v. Pryor, 306 So.2d 675 (La.1975); State v. Douglas, supra.
The State introduced the following evidence. Otis and Williams were proceeding down Russell Road with Williams putting on a pair of black gloves. Otis and Williams went to Ms. Mosby's house and knocked at the door. Williams then proceeded to the back of the house while Otis stayed at the front door for approximately twenty minutes. A burglary was committed and Mr. Gardner saw Williams place stereo equipment over the fence behind the house; Williams was carrying a television when Gardner ordered him to stop. Gardner shot over the head of Williams, who fled. When the shot was fired Otis attempted to flee and had to be kept at gunpoint until the police arrived. On the basis of these facts we cannot say that the State presented no evidence at all from which the trial judge could reasonably conclude that the defendant was guilty of the offense of simple burglary. State v. O'Neal, supra. See R.S. 14:62 (simple burglary); R.S. 14:24 (principals). Therefore, there was no error in the trial judge's denial of the motion for acquittal.

Assignment of Error No. 3
The defendant objected to the trial judge's admitting evidence of the burglary committed by Williams on the ground that such evidence was irrelevant to the guilt or innocence of the defendant Otis. R.S. 15:435 and 441 define relevant evidence as follows:
"The evidence must be relevant to the material issue." (R.S. 15:435).
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible." (R.S. 15:441).
Here, the defendant was charged as a principal in the crime of simple burglary. R.S. 14:24 defines principal as follows:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Since the State must prove every element of the crime of simple burglary as to defendant Otis, the testimony as to Williams' burglarizing the house is clearly relevant to the guilt or innocence of the defendant. This assignment has no merit.

Assignment of Error No. 4
Finally, the defendant assigns as error the trial judge's ruling permitting the introduction into evidence of pictures of the back of Ms. Mosby's house showing the point of entry and of the articles which were removed from the house. Defendant objected to their introduction on the grounds of relevance and that no proper foundation had been laid for the pictures to be admitted. For the same reasons outlined in Assignment of Error No. 3 above these pictures clearly were relevant evidence. As to proper foundation, Mr. Gardner testified that the pictures accurately depicted the television where he had ordered Williams to put it down. He also stated that he was familiar with the back of Ms. Mosby's house. In addition, after the introduction of the photos, Officer Thompson, the arresting officer, testified that he was present at the time that the pictures were taken and that the pictures accurately reflected what he saw when he arrived at the scene. Generally, photographs are admissible when they are shown to be accurate representations of the subject in question and shed light on the matter before the court. State v. Vince, 305 So.2d 916 (La. 1974). There was no error in permitting the introduction of these photographs.
Accordingly, since there was no reversible error by the trial court, the conviction and sentence of the defendant are affirmed.
MARCUS, J., concurs.