428 So.2d 932 (1983)
STATE of Louisiana
v.
Joseph ROGERS.
No. 82 KA 0643.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*933 Ossie Brown, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Bryan E. Bush, Jr., Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
On February 20,1981, Joseph Rogers was charged by a Bill of Information with violation of R.S. 14:62.2, simple burglary of an inhabited dwelling. Defendant pled not guilty. Subsequently, a jury trial was had and a guilty verdict was returned.[1] On appeal, Rogers contends the trial court erred in failing to: (1) instruct the jury, at its request, on responsive verdicts, and (2) grant a motion for a new trial. These assignments of error are without merit. Therefore, the conviction and sentence are affirmed.
The state alleges the following facts. Rogers drove co-defendant, Clyde Harris, to the home of Joseph Hebert, where an unauthorized entry into the inhabited dwelling ensued. Several items were removed therefrom, including a television and tape recorder/radio. Afterwards, Rogers drove Harris and the stolen merchandise away from the scene.
Rogers does not contest the above facts but offers the following explanation. He contends that he never knew of Harris' intention to enter the home to commit a theft. He believed that the purpose of the car ride was to provide Harris with transportation to a friend's home. Ultimately, he succumbed to Harris' fear tactics by accepting and placing at his place of work articles stolen from the victim's home.

ASSIGNMENT OF ERROR NO. 1
The defendant claims that the trial court erred in failing to further instruct the jury, at its request, on responsive verdicts. The circumstances surrounding this request are as follows:
After commencing deliberations, the jury requested further instructions on responsive verdicts. The trial judge postponed giving further instructions, preferring that the jury eat their meal, which had just arrived. Defense counsel made no objection. Within an hour, the jury returned with a guilty *934 verdict. Thereafter, defense counsel objected to the court's failure to comply with the jury's request for further instructions.
Louisiana Code of Criminal Procedure Art. 808 provides for the manner of giving further charges after the jury retires. It does not preclude the withdrawal of a request for further instructions. The peculiar circumstances of this case indicate that the jury tacitly withdrew its request for further instructions by rendering a verdict.
Furthermore, an irregularity or error is waived unless it is objected to at the time of the occurrence. La.C.Cr.P. 841. One of the primary purposes of this contemporaneous objection rule is to allow the trial judge an opportunity to rule on the objection and thereby prevent or cure the error. State v. Ratcliff, 416 So.2d 528 (La.1982). Therefore, an objection raised after the verdict is returned is not only untimely but defeats the purpose of the article.
For these reasons, defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Under this assignment of error, defendant contends that the trial court erred in denying his motion for a new trial. He bases this contention on five grounds.

Assignment No. 2, First Basis
The first basis for this contention is the trial court's failure to hold Louisiana Revised Statute 14:62.2 unconstitutional. Defendant claims that the existing statutory theft scheme violates the equal protection clause of the United States and Louisiana Constitutions. Rogers argues that both La.R.S. 14:62.2 and 14:62 proscribe burglary of an inhabited dwelling but provide dissimilar penalties for violation thereof. However, defendant notes that La.R.S. 14:62.2 is applicable only to burglaries of an inhabited dwelling, whereas La.R.S. 14:62 applies to burglaries of any dwelling.
In State v. Clement, 368 So.2d 1037 (La. 1979), rehearing denied, April 9, 1979, the defendant raised the same constitutional argument as Rogers but with respect to La. R.S. 14:95.1 (felon in possession of a firearm) and La.R.S. 14:95 (carrying a concealed weapon). The Louisiana Supreme Court held that the statutes did not punish the same acts. It noted that La.R.S. 14:95.1 required proof of an additional element, status of the accused as a convicted felon. Similarly, a conviction under La.R.S. 14:62.2 requires proof of an additional element not necessary for a conviction under La.R.S. 14:62. That element is the unauthorized entry of an inhabited dwelling. Thus, the two statutes are justified in providing dissimilar punishments.

Assignment No. 2, Second Basis
Defendant's second ground for a new trial is the insufficiency of evidence to find defendant guilty beyond a reasonable doubt. Rogers argues that the prosecution failed to present any evidence with respect to two essential elements of the crime: defendant's unauthorized entry of an inhabited dwelling and his intent to commit a theft.
The applicable standard of review to an allegation of this nature is when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
Further, it is not necessary in a burglary prosecution to prove that one charged as a principal made an unauthorized entry. La.R.S. 14:24; State v. Otis, 339 So.2d 343 (La.1976). It is sufficient to show that he aided and abetted one who entered unauthorized. Id. There is ample evidence in the record from which a rational trier of fact could conclude that the defendant aided and abetted his co-defendant in the commission of this burglary.
The victim testified that there was an unauthorized entry into and burglary of his home. Rogers admitted that his companion and co-defendant, Harris, committed this unauthorized entry and burglary. Further, defendant admitted that he provided Harris with transportation to and from the burglary site and transported the stolen items to *935 Harris' home. In addition, Rogers acknowledged receiving from Harris a tape recorder/radio taken in the burglary.
Defendant's intent to commit the crime herein charged may be inferred from the circumstances surrounding the transaction. La.R.S. 15:445; State v. Fuller, supra. Rogers denied any prior knowledge of Harris' intention to commit the burglary and any willing participation in the crime. However, there is no evidence to indicate that Rogers' actions were coerced. Further, the defendant made no effort to report this burglary to the police. We believe that the above described circumstances are such that a rational trier of fact could conclude that Rogers possessed the intent necessary to commit the crime charged.

Assignment No. 2, Third Basis
The third reason for this assignment is the discovery of new evidence not presented at trial. The newly discovered evidence consists of the testimony of witnesses that Rogers did not enter the burglarized home and the possible testimony of co-defendant, Harris, that defendant was innocent of any complicity in this burglary.
The testimony of witnesses that Rogers did not enter the burglarized home is immaterial to the defendant's conviction. This results from the fact that it is not necessary to prove that the defendant personally entered the burglarized home for him to be convicted as a principal to the crime charged. The prosecution need only prove that Rogers aided and abetted his co-defendant in the commission of the burglary. La.R.S. 14:24.
Further, the court should not consider any allegations as to Harris' testimony as this was not included in defendant's motion for a new trial. State v. Walker, 344 So.2d 990 (La.1977).

Assignment No. 2, Fourth Basis
Defendant's fourth ground for a new trial is the alleged incompetence of his trial counsel. Such allegations are more properly raised by writs of habeas corpus and, normally, will not be considered on appeal. State v. Fontenot, 368 So.2d 121 (La.1979). However, if the allegation is raised and explored in detail in the trial court, then the issue may be addressed on appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982).
The record does not reflect a detailed inquiry of the allegation of ineffective counsel by the court below. Therefore, we believe the proper procedure by which to raise this issue is by a writ of habeas corpus. State v. Ratcliff, supra.

Assignment No. 2, Fifth Basis
Lastly, defendant argues that a new trial is required by the ends of justice. This assertion raises nothing for review by the appellate court. State v. Hicks, 405 So.2d 510 (La.1981), rehearing denied, November 16, 1981.
For the foregoing reasons, defendant's assignments of error are without merit. The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Rogers was sentenced to serve three years at hard labor. The first year was to be served without benefit of probation, parole or suspension of sentence. Upon successful completion thereof, the remaining two years of the sentence were to be suspended with defendant being placed on supervised probation for that time. During the probation period, Rogers was to make restitution through and in the amount determined by the Department of Probation and Parole.