WATKINS, Judge.
Defendant, Charles Robert Hopson, III, was charged by bill of information with *19 simple burglary (LSA-R.S. 14:62). He pled not guilty. After a trial by jury, the defendant was found guilty as charged. The trial judge sentenced the defendant to six (6) years in the custody of the Secretary of the Department of Corrections. The defendant now appeals his conviction and sentence, alleging one assignment of error.
On or about December 17, 1981, a burglary occurred at the Dugas Tire Company in Baton Rouge. Kenneth J. Dugas, co-owner of the company, reported approximately fourteen thousand dollars worth of new eighteen-wheeler truck tires missing. The defendant, Charles R. Hopson, was an employee of Dugas Tire Company at the time of the incident.
The premises housing the tire company were routinely locked and the alarm system activated when the shop was closed. The burglary occurred during the weekend, after hours. During their investigation of the burglary, the police found no sign of forced entry into the premises. However, the alarm system had been disengaged.
One week prior to the burglary, the defendant and a co-employee were working on Kenneth J. Dugas’ personal truck. In a voluntary statement, stipulated into the trial court record, the defendant admitted that he and the co-worker found keys to the Dugas Tire Company premises in the glove compartment of said truck. The defendant then encouraged and assisted his co-worker in removing the key to the front door of the premises.[1]
Hopson and his co-worker discussed stealing tires from the company. At one point, during the week preeeeding the burglary, Hopson agreed to provide an alibi for the other employee. When the tires were not missing the next day, Hopson asked the co-worker why. He was told that the tires were too heavy. The testimony of Kenneth J. Dugas reflects that each of the forty-one tires reported missing weighed one hundred fifty pounds.
Also during the week preceding the burglary, Hopson asked an acquaintance, Wilbert Walls, for names of places where he, Hopson, might sell tires, were he to come into possession of same. Walls provided him with several names.
On Sunday, the day of the burglary, Hopson again called Walls and asked Walls to meet him at a Pak-a-Sak. Walls testified that when he arrived he saw that Hopson and another man were in a Dugas Tire Company Truck. A trailer was hitched to the truck. Both the truck and the trailer contained new, eighteen-wheeler tires. The defendant again asked for and was given the name of a place where he might sell the tires.
Subsequently, the defendant Charles R. Hopson, was arrested and charged with simple burglary.
ASSIGNMENT OF ERROR:
The defendant has listed only one assignment of error, that the trial court erred in refusing to grant a post judgment verdict of acquittal. The motion was based on an objection as to the sufficiency of the evidence.
When reviewing the sufficiency of the evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983); LSA-C.Cr.P. art. 821.
Simple burglary of a premises consists of an unauthorized entry coupled with a specific intent to commit a felony or theft *20 in the premises. LSA-R.S. 14:62. The defendant has argued that the prosecution failed to prove either of these two essential elements.
However, by his own admission the defendant aided and encouraged the commission of the burglary. By direct evidence, on the date of the incident, the defendant was proven to be in possession of a Dugas Tire Company truck filled with tires, and seeking an outlet to sell the tires. The prosecution provided circumstantial evidence linking the defendant to the actual burglary.
This Court in State v. Rogers, 428 So.2d 932, 934, 935 (La.App. 1st Cir.1983), stated:
Further, it is not necessary in a burglary prosecution to prove that one charged as a principal made an unauthorized entry. La.R.S. 14:24; State v. Otis, 339 So.2d 343 (La.1976). It is sufficient to show that he aided and abetted one who entered unauthorized. Id.
Defendant’s intent to commit the crime herein charged may be inferred from the circumstances surrounding the transaction.
The defendant has also questioned the sufficiency of the evidence relative to the element of specific intent. Pursuant to LSA-R.S. 15:445:
... for though intent is a question of fact, it need not be proven as a fact, but may be inferred from the circumstances of the transaction.
[See also State v. Holmes, 388 So.2d 722 (La.1980.) ]
It is defendant’s contention that he was convicted based upon the “burglary” presumption of possession of stolen goods. Defendant is correct that such a presumption was overruled in State v. Searle, 339 So.2d 1194 (La.1976).
However, from a reading of the record, the evidence introduced in the trial court relative to the circumstances surrounding the burglary of the Dugas Tire Company, is sufficient, when viewed in the light most favorable to the prosecution, to convince a rational trier of fact that the essential elements of the crime of simple burglary have been established beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La.1984). It is this evidence and not a presumption which convicted defendant.
This assignment is without merit.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The defendant’s statement contained the following: "Rogers [co-worker] was holding the key ring with all the keys hanging on it. Those keys were for front door of building and also for every door in the building. Rogers then started smiling and asked me which key was for the front door. And, I said, just take one key at a time and try it in the front door."
After this exchange the defendant test drove the truck then stated:
“When I got back I put the truck in the shop so no one could see Rogers putting the key back in the truck.”