CRAIN, Judge.
Charles Stewart and Timothy Fobb were charged by a single bill of information with simple burglary of a vehicle in violation of La.R.S. 14:62.[1] Following defendant’s not guilty plea, he was tried by jury jointly with Timothy Fobb. After being convicted as charged, defendant was sentenced to a six year term of imprisonment at hard labor.[2]
Stewart appeals, urging as his sole assignment of error that the verdict is contrary to the law and the evidence. We note that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for a post verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). However, this court will review sufficiency of the evidence when raised by formal assignment of error as in the instant case.
*237 FACTS
After completing work on October 4, 1984, the victim, Brian Michel, drove to a roadside canal located in Ascension Parish, near the intersection of U.S. Highway 61 and Interstate 10, to fish. Michel parked his truck on the shoulder of the road and placed some of his fishing tackle in his boat, leaving the remainder of his equipment in the back of his truck protected by a camper shell. Between 5:00 p.m. and 6:00 p.m. that evening, Michel noticed an automobile, with its radio blaring, passing nearby on U.S. Highway 61. Concerned that the automobile had been stopped in proximity to his parked truck, Michel pad-died to shore. After reaching shore, he noticed two black males just exiting from the cab of his truck. One of the men was carrying Michel’s bowling ball. Michel yelled at the two men, who then ran to their automobile and drove north on U.S. Highway 61 toward Sorrento, Louisiana. Michel pursued the men in his truck but lost sight of their vehicle when they exited onto a side road.
When Michel returned to retrieve his boat, a motorcyclist, Gerald Hidalgo, flagged him down. Hidalgo advised Michel that he had witnessed the incident. He was traveling north on U.S. Highway 61 when he noticed two black men taking items from the truck and placing them in a car. Later, when the same car passed him traveling north on U.S. Highway 61, Hidal-go noticed that some property was thrown from that vehicle into a roadside ditch. Suspecting something amiss, he wrote down the license plate number of the automobile. He was able to direct Michel to the location where property had been abandoned by the fleeing burglars. Recovered from that site were a bowling ball, bag and shoes. However, an inventory of the contents of Michel’s truck revealed that approximately $1,000 worth of fishing equipment was missing.
Initial ivestigation of the incident was conducted by officers of the Ascension Parish Sheriff’s Office. Sgt. Kenneth Mitchell of the St. John The Baptist Parish Sheriff’s Office testified that he was notified by Ascension Parish officers that a blue Dat-sun automobile, with a specified license plate number, had been driven by perpetrators of a burglary committed near the intersection of U.S. Highway 61 and Interstate 10. Based upon that description, Sgt. Mitchell located the vehicle in Reserve, Louisiana, and questioned Stewart, the admitted owner of the vehicle, about the incident. In his initial statement to law enforcement officers, Stewart maintained that he had loaned his car to Timothy Fobb and Herman Davis. Both Fobb and Davis were questioned and denied any knowledge of the burglary.
Stewart was questioned again about the incident on October 17, 1984. In a written statement, he claimed that he had loaned his car to Fobb at approximately 2:00 p.m. on October 4, 1984, and that the car was returned to him at approximately 6:00 p.m. that evening. Stewart then drove his car to LaPlace to buy supplies to “jerri curl” his hair. He then proceeded to Herman Davis’ house, where Davis’ sister began fixing his hair. Between 7:30 and 8:00 p.m. that evening, Herman Davis also borrowed Stewart’s automobile.
Timothy Fobb was again questioned on October 17. At that time, Fobb informed the officers that some of the items of the fishing equipment were at the home he shared with his parents and that Stewart had given two fishing reels to Fobb’s father. Based on that information, a search warrant was obtained to search the Fobb residence. Most of the items stolen during the Michel burglary were recovered from Fobb’s parents’ attic.
After execution of the search warrant, Fobb gave a written statement to Deputy Anthony Bacala of the Ascension Parish Sheriff’s Office. In that statement, Fobb admitted participating in the instant burglary and implicated Stewart as the co-perpetrator. Fobb indicated that he and Stewart were returning from Baton Rouge when they stopped at the burglary site. Deputy Bacala also testified that, in questioning Stewart about the burglary, Stew *238 art admitted that he had sold a tackle box to Juanita Fleming. That stolen tackle box was later recovered from Ms. Fleming at the address provided by defendant.
Both Stewart and Fobb testified at their joint trial. Fobb characterized his prior written statement as a lie based on gossip he had heard on the street. He expressly denied having told the police that the stolen fishing equipment could be found in the attic of his parents’ home. Fobb testified that Stewart brought the fishing gear to the Fobb residence on October 4 or October 5 and tried to sell Fobb’s father a rod and reel or a tackle box. Fobb theorized that it must have been defendant who disclosed the location of the equipment to the police.
In his testimony at trial, Stewart denied having told anyone that he had sold a tackle box to Juanita Fleming. He testified that his only knowledge of the instant burglary derived from conversations with Timothy Fobb.
Stewart also called various members of the Davis family as alibi witnesses. Yernlena Davis, Herman Davis’ mother, testified that she saw Stewart in her backyard at approximately 3:50 p.m. on October 4. At about 5:00 p.m., her daughter, Joanne Bolden, began putting Stewart’s hair in a jerri curl. That procedure lasted until approximately 8:30,p.m. In addition, at approximately 5:00 p.m. she observed Timothy Fobb borrow Stewart’s Datsun automobile. Ms. Davis also testified that, on the day Herman Davis was questioned by officers from the St. John The Baptist Parish Sheriff’s Office, Stewart informed her that Timothy Fobb had committed the instant burglary. Also present at that discussion of the burglary were Leona Smith and John Watkins-.
The trial testimony of Ms. Leona Smith and Mr. John Watkins, Herman Davis’ grandmother and uncle, respectively, places defendant at the Davis residence from approximately 4:00 p.m. until 7:30 p.m. on October 4. In addition, Mr. Watkins testified that he gave the police a written statement on October 17, 1984. Mr. Watkins read from that statement at trial, without objection. In that statement, Mr. Watkins indicated that, in his presence, Stewart admitted to committing the instant burglary with Timothy Fobb. Although Mr. Watkins did not deny making that statement at trial, he testified that he was emotionally distraught when he spoke with the police, and had incorrectly stated that Stewart implicated himself. Although this prior inconsistent statement was inadmissible as substantive evidence against Stewart, it was admissible to discredit the alibi testimony of Watkins given at trial. State v. Allien, 366 So.2d 1308 (La.1978).
SUFFICIENCY OF THE EVIDENCE
An appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983).
Defendant does not dispute that the state proved beyond a reasonable doubt that a burglary was committed. The only issue is whether or not the state proved that defendant was one of the two black men who committed that burglary. In the instant case, we conclude the jurors placed a reasonable construction on the evidence in making their finding that Stewart was one of the burglars. A jury may properly consider an accomplice’s testimony even if uncorroborated. See State v. Matthews, 450 So.2d 644 (La.1984). Accordingly, the evidence includes Fobb’s testimony at trial placing defendant in possession of many stolen items on either the day of or the day after the burglary. While Fobb’s testimo *239 ny was somewhat inconsistent for he attempted to exculpate himself from involvement in the instant burglary, and as an admitted thief, he was not an entirely reliable witness, nonetheless, this court on appeal will not assess the credibility of witnesses or reweigh the evidence. State v. Matthews.
In addition, Fobb’s testimony was corroborated by other evidence. A tackle box, stolen during the instant burglary, was recovered from the person to whom, according to Stewart’s statement to police, he had sold it; and Stewart’s automobile was observed at the burglary site. The initial time frames Stewart gave in his statement were much less favorable to his alibi than those he gave at trial. Moreover, he categorically denied the making oral statements that two police officers testified led them directly to the recovery of some of the stolen equipment. These inconsistencies, no doubt could have cast a shadow on Stewart’s credibility in the minds of the jurors. The trier of fact remained free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
A reasonable juror, on the strength of the probative force of all of the state’s evidence, could have concluded that defendant’s guilt was proved beyond a reasonable doubt.
DECREE
Accordingly, defendant’s conviction and sentences are affirmed.
AFFIRMED.

. We note that the bill of information fails to include the statutory designation for simple burglary. However, error in the statutory citation is not grounds for dismissal or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464. At no time did defendant express any doubt as to the nature of the charge, nor object to the format of the information. We find defendant was not misled by omission of the statutory citation.

. Timothy Fobb was also convicted as charged.