BYRNES, Judge.
Defendant Alex Causey and co-defendant Joseph Bernard were charged and arraign *1051 ed with the May 12, 1983 simple burglary of LaSalle Food Store, 2854 Street, in violation of La.R.S. 14:62. Thereafter, co-defendant Joseph Bernard pled guilty and upon trial by a six-member jury, Alex Cau-sey was found guilty as charged. On August 3,1983, Alex Causey was sentenced to six years at hard labor with payment of $74.00 court costs or an additional 30 days in jail in default, as well as a payment of $50.00 to the victim’s reparation fund. On July 15,1986 the trial court granted an out of time appeal.
FACTS
The testimony of Officer Craig Blair indicates that he responded to a radio dispatch call that related that several subjects were breaking into a food store at 2854 LaSalle Street at 1:30 a.m. on May 12, 1983. Upon reaching the scene, he saw the defendant walking about ten to fifteen feet away from the front of the store, carrying a large box. The officer testified that when he approached, the defendant “attempted to conceal the box behind some bushes in the rear of the store.” Further, defendant Causey “attempted to conceal the box that had the merchandise in it, attempted to get the box and drive off.” The officer identified State’s Exhibit 5 as “part of the box and the bike (defendant) tried to ride off on.” Blair detained the defendant when another subject came around the store carrying merchandise. Both were detained by Officer Blair until another police unit arrived.
The merchandise consisted of bottles of liquor which were dusted for fingerprints by the Crime Lab of the New Orleans Police Department. Officer Gilette testified that he was able to find four partial fingerprints and one-fifth of a partial print lifted from three of the bottles “in the box found near the rear of the building.” By stipulation the prints were identified as those of the defendant, Alex Causey, by Officer John Burns. No other prints could be identified from the crowbar (or tire tool) found near the store or at the point of entry at the door of the front of the building, which had an iron gate. The owner of the food store, Mr. Juan Candahaulti, said that he lived in his store and he did not give anyone permission to go into his store or take any merchandise after 6:00 p.m. When he was notified by his alarm system, around 2:40 a.m. he found the policemen there with the merchandise in the street. He recognized the defendant as a customer whom he had sometimes allowed to make purchases when he was a little short of the correct change.
Mary Johnson testified for the defense, stating that she lived across the street from the food store and saw several boys trying to break in. After she told them not to, the boys walked off and she returned to her house without calling the police. She also testified that an hour later, around 1:30 a.m. the defendant, who had been visiting her daughter, left her house on a bicycle. She said other boys from the neighborhood were taking liquor from the store and she warned the defendant not to go over there. She said that the defendant had nothing to do with it.
Mary Johnson’s daughter, Andrea Johnson, also testified that the defendant had been with her at her house from 10:00 p.m. until 1:40 a.m. She did not know about anything going on at the store but saw some people running away and did not find out the defendant had been arrested until the next morning.
Joseph Bernard admitted that he pled guilty to the crime although he did not actually commit the crime. Testifying that he did not know Alex Causey, he stated that Causey was walking past the store just as he was. As far as he knew, Alex Causey had not committed or helped in the burglary, but Mr. Bernard had seen some others carrying cases of liquor and running from the store. Joseph Bernard had picked up some bottles from the street.
The defendant testified that he left his girlfriend’s house at 1:40 a.m. and was stopped by “a little guy” who was carrying a box and who asked him if he wanted to buy any liquor. When the defendant replied that he didn’t have any money, the “little guy” gave him three bottles. When the police turned the corner, the “little *1052 guy” ran. Causey also saw others running. Alex Causey said he was sitting on his bike when the police jumped out of the car and told him to get off his bike and put his hands on the car. Defendant said that the officer did not arrest him behind the store. Alex Causey also did not admit to giving the name Eliot Causey to the officer. Although he admitted that he knew the liquor was stolen, the defendant maintained that he did not burglarize the store.
ISSUES
Defendant Alex Causey raises three issues in his out of time appeal:
(1) there was insufficient evidence to prove simple burglary;
(2) the trial court erred in failing to inform defendant of his right to remain silent before he was found to be a second offender under La.R.S. 15:529.1; and
(3) imposition of 30 days jail time in default of paying court costs is improper as defendant is indigent.
SUFFICIENCY OF EVIDENCE
Under the standard of review mandated by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), this Court must determine after reviewing the evidence in the light most favorable to the prosecution whether there is sufficient evidence in the record for the jury to find the defendant guilty beyond a reasonable doubt of every essential element of the offense of simple burglary. Under La.R.S. 14:62, the essential elements of simple burglary include:
(1) an unauthorized entry;
(2) with the intent to commit a theft or any felony therein.
The Crime Lab could not identify fingerprints at the point of entry, inside the food store or on the crowbar. Defendant contends that although the store had been burglarized and there was an unauthorized entry, there is no showing that defendant or his belongings were used in the commission of the crime. The defendant maintains that in all cases the state has the burden to prove beyond a reasonable doubt that the defendant entered the store or he assisted another to enter with the intent to commit a theft or felony therein.
The record reflects that only circumstantial evidence was established at trial. Under La.R.S. 15:438,
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
As noted in State v. Woods, 526 So.2d 443, 445 (La.App. 4th Cir.1988), “R.S. 15:438 does not establish a stricter standard of review than the more general rational juror’s reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence.”
In State v. Nelson, 487 So.2d 695 (La.App. 5th Cir.1986), the Appellate Court reversed the conviction based on insufficient evidence when the defendants were stopped by the police and they dropped keys having tags from the dealership on the corner. However, it had been 30 hours since the business had been open and there was no indication of approximately when the burglary had taken place. Also, defendants were not found to possess a television, public address system nor car, all of which had been stolen. In addition, the gate to the six foot fence was locked and defendants possessed neither the key to the gate or the stolen car which had been removed. The defendants’ open display of the keys and failure to run gave credence to the speculation that the defendants had found and picked up the keys off of the street. Defendant further points out that in State v. Searle, 339 So.2d 1194, 1206 (La.1976),
[the] presumption that a defendant found in possession of property recently stolen in a burglary is presumed to have committed the burglary does 'not meet the beyond-a-reasonable doubt standard, and ... defendant consequently was adjudged guilty without requiring that the State .prove beyond a reasonable doubt every essential element of the crime charged.
*1053 As noted in Nelson, supra, 487 So.2d at 698, “(i)ntent, being subjective in nature, need not be proven as a fact; it may be inferred from the circumstances of the transaction. R.S. 15:446.” State v. Rogers, 428 So.2d 932 (La.App. 1st Cir.1983). Additionally, in State v. Davis, 463 So.2d 733, 735 (La.App. 4th Cir.1985), this Court ruled:
In a burglary prosecution, it is not necessary to prove that one charged as a principal made an unauthorized entry. It is sufficient to show that he aided and abetted one who entered with permission.... Flight and the attempt to avoid apprehension indicates consciousness of guilt; and therefore is one of the circumstances from which a jury may infer guilt ... The prosecution’s chief witness was unable to identify any of the men, and therefore unable to say which entered the building and which remained outside. However, the defendant was one of the men seen leaving the building shortly after police arrived and was caught while attempting to flee the scene. The mere fact that the prosecution witness was unable to identify the defendant or his co-defendants or to state which role each man played in the perpetration of the offense is not fatal to the state’s case.... Defendant’s own actions at the scene was sufficient for the jury to have found him guilty of simple burglary.
Although sufficiency of evidence is a question of law, the trier of fact is free to accept or reject in whole or in part the testimony of any witness. State v. Stewart, 498 So.2d 236 (La.App. 1st Cir.1986). The testimony of the defendant differed from the officer who detained him. The officer related that the defendant tried to conceal the box and tried to ride off on his bike. The defendant testified that he was on his bike when the police car stopped, and the officer got out and told him to put his hands on the car. The owner’s testimony revealed that he did not give anyone permission to be in the store or to remove any merchandise after 6:00 o’clock. Further, the owner who lived at the store said he was alerted by his alarm system of the burglary. The time period is narrowed down considerably from the 30 hours found in Nelson, supra.
It was up to the jury as trier of fact to determine whether to believe or give greater weight to the testimony of any of the witnesses. The jury could believe the testimony that defendant was one of the men leaving the building and his own actions of concealment and flight at the scene were sufficient for the jury to find him guilty of the unauthorized entry, the first element of simple burglary. State v. Davis, supra; State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981); and State v. Otis, 339 So.2d 343 (La.1976). Further, the testimony indicates that the defendant possessed the requisite intent to commit a theft therein as the defendant possessed bottles of liquor from the food store when he was apprehended.
This Court concludes that there is sufficient evidence in the record for the trier of fact, after viewing the totality of the evidence in the light most favorable to the prosecution, to have found the essential elements of simple burglary beyond a reasonable doubt.
MULTIPLE OFFENDER CONVICTION
Defendant’s contention that he was sentenced illegally as a second offender has merit. According to State v. Desmond, 524 So.2d 147, 148 (La.App. 4th Cir. 1988):
The habitual offender law, LSA-R.S. 15:529.1, requires that the trial court inform the defendant of the allegations contained in the multiple bill of information and inform him of his ‘right to be tried as to the truth thereof according to law.’ To be meaningful, this information must be given to a defendant before he pleads to the multiple bill ...
In State v. Johnson, 432 So.2d 815 (La.1953), the Louisiana Supreme Court recognized that one of the rights which R.S. 15:529.1(D) implicitly requires the defendant to be informed of by the court before any multiple bill proceeding is the right to remain silent.
*1054 The record reflects that when asked, the defendant said he was the same Alex Cau-sey convicted in the predicate offense. The state filed the bill of information, minute entries and guilty plea of the predicate offense, whereupon the Court found the defendant to be a second offender. Because he was not first advised of his rights under R.S. 15:529.1, including his right to remain silent, the defendant’s conviction and sentence on the multiple bill is invalid.
JAIL TIME IN DEFAULT OF PAYMENT
The defendant’s contends that he should not be sentenced to additional jail time in default of court costs as he is indigent. The record indicates that the Orleans Indigent Defender Program was appointed to handle defendant’s out of time appeal. The Louisiana Supreme Court has ruled that imposition of jail time on a indigent unable to pay fines or court costs violates the equal protection clause of the United States Constitution. State v. Williams, 484 So.2d 662 (La.1986); State v. Williams, 288 So.2d 319 (La.1974). See also State v. Holmes, 516 So.2d 184 (La.App. 4th Cir.1987); and State v. Woods, 526 So.2d 443 (La.App. 4th Cir.1988). Therefore, the imposition of an additional sentence in lieu of non payment of court costs is deleted.
For the above reasons, defendant's original conviction is affirmed, but his sentence is amended to exclude imposition of additional jail sentence in default of payment of the $74.00 court costs. Defendant’s conviction and sentence as a second offender are vacated and remanded for resentencing.
ORIGINAL SENTENCE AS AMENDED AFFIRMED; MULTIPLE OFFENDER SENTENCE VACATED; REMANDED FOR RESENTENCING.